## THOMAS CUMMINS v. COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 5—176. Reported in full, Vol. 5—200.]

**Larceny or Hog Stealing.**

One not the owner of a sow and pigs who goes with a purchaser, points them out to him, sells them to him and receives the price therefor is guilty of larceny or hog stealing just the same as though he had taken possession of the property sold and physically delivered them to the purchaser.

**Larceny by Artifice or Fraud.**

If by artifice or fraud of the thief intending to steal goods the owner is induced to part with their possession merely, and does not part with the title, it is such a taking as will sustain a charge of larceny.

**Bill of Exceptions.**

Unchallenged statements in a bill of exceptions must be taken as true.

### APPEAL FROM MASON CIRCUIT COURT.

June 14, 1883.

OPINION BY JUDGE HARGIS:

The appellant, Cummins, according to the evidence, told Sweet he wished to sell him a sow and pigs, and after agreement on the price went to where a sow and pigs were lying down on the commons and pointed them out as his and Sweet paid him $7 in money for them and then drove them off. The sow and pigs belonged to John Flauher who lived near by. The appellant seems to have been out of money and resorted to this means of obtaining some to supply his wants and then proceeded to the fair.

Having been convicted of the offense of larceny or hog stealing under the statute, the appellant has appealed and his counsel contend that his offense was not larceny because there was no asportation by him, but if anything it was obtaining money by false pretenses. He was not indicted for obtaining the $7 for the sow and

pigs, but for stealing the sow and pigs. Whether his acts constituted both offenses of larceny of the hogs and obtaining money by false pretenses for which he might be punished need not be determined, as there has been no attempt to try him twice for the same acts.

The owner of the sow and pigs never parted with the possession or the property in them. The asportation was by the hand or physical act of Sweet, but the act of felonious taking was that of the appellant through Sweet, who was his instrument in committing the trespass upon the property of Flauher. II East Crim. Law 555; I Hale P. C. 507, and I Hawkins P. C., ch. 33, § 8, who are approved by 2 Archibold Crim. Proc. 1201, say that if the taking be by the hand of another it is the same as if by the hand of the thief himself. For instance, if the thief procure a child within the age of his discretion, or an idiot, to steal goods for him such taking must be charged to him.

It is also a well established rule, if by artifice or fraud of the thief intending to steal goods the owner is induced to part with their possession merely, and does not part with the title, that this is such a taking as will sustain the charge. It seems, therefore, that instead of fraudulently procuring the owner to part with the possession, the appellant sold the sow and pigs and caused their removal by Sweet, who was innocent of the trick of placing the asportation on him, and it should be treated as his act through the innocent agency of Sweet, and should be charged to him.

The record fails to show whether the motion for a new trial was acted on or not at the term when appellant was tried and found guilty by the verdict, but it does show that the court, after the lapse of several days ensuing the verdict, rendered judgment on the verdict. It is certified in the bill of exceptions that by oversight the clerk failed to enter the order overruling the motion for a new trial before the judgment was rendered. If the record had shown affirmatively that the motion for a new trial had not been acted on, then it could not have been varied, vacated, modified, made or amended at a subsequent term except in a direct proceeding for that purpose. But the presumption being that the court acted legally in the absence of facts showing the contrary, we can not conclude that the court did not overrule the motion for a new trial in the absence of all record evidence on the subject, but must presume that the

court did overrule the motion, and it had the right to have the order entered nunc pro tunc at the next term when the appellant presented his motion for a new trial to the court for its judgment and disposition. The order overruling the motion was entered upon the order book at that term, but the judge certifies in the bill of exceptions that it was overruled during the previous term and before the judgment, but by oversight of the clerk was not entered. No effort was made to controvert the bill of exceptions as certified by the judge, and no other bill was attempted to be made; hence the statement in the bill of exceptions must be considered as true, whether the judge had the right to make it show such matters being a question of law. Had the appellant's demand to have his motion for a new trial acted on at the second term of the court prevailed, it would have been followed by another judgment because the first judgment would have been shown to be void and no obstacle to a second, and he alone would have been injured. As it is, the court gave him the benefit of the time he had served and thus rendered the remainder of his servitude shorter, and instead of prejudicing protected his substantial rights.

The judgment is therefore *affirmed*.

*Thos. R. Phister, L. W. Galbraith, for appellant.*

*P. W. Hardin, for appellee.*